**Ronald Klett McDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00943–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 22, 1984.

John Hagler, Dallas, for appellant.

Anne Weatherhold, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Ronald Klett McDonald, appeals a conviction for murder. The jury assessed punishment at fifty years in the Texas Department of Corrections. In his second ground of error appellant contends that the refusal of the trial court to allow him to inspect the written statement his witness had made to the police was reversible error. We conclude that under the "use before the jury" rule the trial court erred in refusing to allow inspection. Accordingly, we reverse and remand.

While on the dance floor at a high school graduation party at the clubhouse facility of an apartment complex, the deceased was stabbed. The following direct and cross-examination of appellant's witness, Oliver, occurred in the jury's presence. Oliver testified on direct examination that he observed the deceased place his hand under his clothing "like he had a pistol or something." On cross-examination, the prosecutor established that Oliver had made a signed written statement to the police several days after the crime. The prosecutor showed the statement to Oliver and directed him to read parts of it. The witness did not read aloud. The prosecutor then asked

Oliver "[y]ou remember making that statement that he reached under his coat?" Oliver replied "[t]hat's what I wrote in the statement." After further questions about what Oliver had observed, the prosecutor again directed Oliver's attention to the statement and asked him to start reading at a designated place. Oliver read silently. The prosecutor then asked Oliver "[h]ave you read it, Oliver?" Oliver replied that "[y]es, I read it." The prosecutor then asked Oliver "[i]sn't it true or did you in fact make a statement that he reached his hand out and there was nothing in it?" Oliver replied "[w]hen I made the statement I told that [sic] I made to the best of my knowledge, you know." Defense counsel timely requested the right to inspect the statement. The trial court denied the request. The statement, however, was sealed and marked as defendant's exhibit no. 1 and is before this court.

The definition of "use before the jury" includes showing a document to a witness who is on the stand, permitting a witness to identify a document, or reading portions of a document aloud to a jury. *Mendoza v. State*, 552 S.W.2d 444, 448 (Tex.Cr.App.1977). The "use before the jury" rule is not applicable unless certain conditions are met. First, the rule comes into play only through the State's use of the document or statement at trial. Second, there must be use of the instrument or statement before the jury in such a way that its contents become an issue. *Mendoza*, 552 S.W.2d at 448. Under the "use before the jury" rule, a defendant is entitled to inspect, upon timely request, any document, instrument or statement which has been used by the State *before the jury in such a way that its contents become an issue*. The trial court's failure to permit or compel such inspection is reversible error, and a showing of harm resulting from the error is not required. *Mendoza*, 552 S.W.2d at 448 [emphasis in original].

We conclude that under the facts of the present case, the "use before the jury" rule is applicable. In the present case the prosecutor asked Oliver if he had stated in

his statement that the deceased "reached his hand out [from under his coat] and there was nothing in it." Oliver, in effect, answered in the affirmative. Thus, Oliver's statement contradicted his testimony on direct that he observed the deceased place his hand under his clothing "like he had a pistol or something." From the accused's standpoint, we can see no difference between the prosecutor directing the witness to read to the jury from his statement that the deceased "reached his hand out and there was nothing in it" and the prosecutor obtaining before the jury the witness's agreement that "yes, the witness did state in the very statement he is holding in his hands that the deceased 'reached his hand out and there was nothing in it.' " The later trial tactic was used by the prosecutor in the present case.

We conclude, therefore, that in the present case all of *Mendoza's* illustrations of "use before the jury," are met. First, the State showed the document to a witness who is on the stand. Second, the State permitted the witness to identify the document as a statement he had given the police. Third, the State in effect caused a part of the document to be read aloud to the jury. Moreover, the State used the statement to establish that Oliver's testimony suggesting that deceased had a weapon was inconsistent with what he had earlier told the police. We conclude, therefore, that in the present case the State used the statement before the jury in such a way that its contents became an issue. Accordingly, we hold that the refusal of the trial court to allow appellant to inspect the written statement was reversible error. Appellant's second ground of error is sustained.

Reversed and remanded.